[No. 20162. Department One. January 6, 1927.]

AMY OLSON, *Appellant,* v. D. E. CANUTESON *et al.,*
*Respondents.*[1]

[1] APPEAL (418)—REVIEW—FINDINGS. Findings supported by con-
flicting testimony will not be disturbed on appeal.

Appeal from a judgment of the superior court for
King county, Kinne, J., entered June 4, 1926, upon
findings in favor of the defendants, in an action upon
promissory notes, tried to the court. Affirmed.

*C. A. Holtz (Robert S. Hamlin,* of counsel), for ap-
pellant.

*Carkeek, McDonald, Harris & Coryell,* for respond-
ents.

MAIN, J.—In the complaint in this case three causes
of action are separately stated, each upon a promissory
note. The defendant D. E. Canuteson was defaulted
and judgment was entered against him in his individual
capacity upon each of the three causes of action and
against the community composed of him and the other
defendant Minnie Canuteson upon the first cause of
action only. As to the second and third causes of
action, judgment against the community was denied.
The plaintiff appeals.

The respondent Minnie Canuteson and D. E. Canute-
son were married in the year 1915. In 1920, D. E.
Canuteson met the appellant, who was then employed
in the city of Seattle in a restaurant or delicatessen.
In the year 1921, they began going about together and
this continued for two or three years. During the
years 1921, 1922 and 1923, the appellant advanced to

¹Reported in 251 Pac. 890.

Canuteson from time to time sums of money. When the money was loaned, upon each occasion Canuteson gave to the appellant a receipt therefor written upon a slip of paper, as they both testified. Late in the year 1924 or early in 1925, the respondent brought an action for divorce against her husband of which the appellant had knowledge. In the month of May of that year, and while the divorce action was still pending, the appellant and Canuteson met and the three notes above mentioned were drawn and signed. One is for one hundred dollars, dated November 23, 1921, which was the basis of the first cause of action. One is for five hundred dollars, dated January 28, 1922, and the other for six hundred dollars, dated January 3, 1923. At the time the notes were drawn and signed, the receipts, which the appellant and Canuteson testified had been given at the time of the advancement, were destroyed. The evidence as to the times when the advancements were made and the amount thereof is exceedingly indefinite and unsatisfactory.

[1] The only question upon this appeal is whether the appellant was entitled to a judgment against the community composed of the respondent and her husband upon the second and third causes of action, and this question in turn depends upon whether the evidence is such that the court can determine the amount of the loans that were made by the appellant to Canuteson. At the conclusion of the evidence the trial court, in an oral opinion, in part stated:

"The testimony as far as this transaction is concerned is decidedly indefinite. The court is not extremely favorably impressed with plaintiff's testimony. I don't think there is any question but what some money was loaned to this man Canuteson. How much I couldn't say. But I can't conceive of a business transaction of this nature, a lot of small loans, twenty-five, ten, twenty-five dollars, maybe more, but about

the highest one that I recall having been made, and a divorce suit pending, destroying the very best evidence there could possibly be in the transaction. If those obligations existed, there should have been some disposition of it before the divorce proceeding.

"There is some good faith here upon the part of this first note in the sum of a hundred dollars. Now, if there is any more loaned to this community, I couldn't determine what it was, but I certainly could not and can not determine that the amount of $1,200 was being loaned to this man, and I would not grant a judgment against the community in that amount. People are not loaning sums of eleven or twelve hundred dollars upon the flimsy statement of a street car motorman he was going to pay it back out of his wages. The thing doesn't sound good, doesn't ring true, to my judgment."

The thought there expressed was later carried into the formal findings made and entered in the case. After an attentive consideration of all the evidence, we are in accord with the views expressed by the trial court. It would serve no useful purpose to further review the evidence as the question is one purely of fact.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and FULLERTON, JJ., concur.